UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-23018-CIV-O'SULLIVAN

[CONSENT]

JAMAR A. SCOTT,

    Plaintiff,

v.

MERCHANTS ASSOCIATION COLLECTION
DIVISION, INC., d/b/a MAF COLLECTION
SERVICES,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion to Dismiss or, Alternatively, for a More Definite Statement (DE# 7, 9/6/12). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss or, Alternatively, for a More Definite Statement (DE# 7, 9/6/12) is **DENIED** for the reasons stated herein.

## BACKGROUND

On August 17, 2012, the plaintiff filed a one count complaint against the defendant for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. See Complaint (DE# 1, 8/17/12). On September 6, 2012, the defendant filed the instant motion to dismiss or for a more definite statement. See Defendant's Motion to Dismiss or, Alternatively, for a More Definite Statement (DE# 7, 9/6/12). The plaintiff

filed a response on September 24, 2012. See Plaintiff's Opposition to Defendant's Motion to Dismiss (DE# 13, 9/24/12). No reply was filed. This matter is ripe for consideration.

## ANALYSIS

**1.    Motion to Dismiss**

The defendant moves to dismiss the complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In considering a Rule 12(b)(6) motion, the Court must accept the non-moving party's well-pled facts as true and construe the complaint in the light most favorable to that party. Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)). To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The issue to be decided is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scheuer, 468 U.S. 183 (1984).

In the Complaint, the plaintiff alleges that "Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of [the

TCPA]." Complaint (DE# 1 at ¶ 10, 8/17/12). The defendant seeks dismissal of the plaintiff's Complaint on the ground that "Plaintiff fails to allege whether Defendant had consent through any means to make the purported telephone calls." Defendant's Motion to Dismiss or, Alternatively, for a More Definite Statement (DE# 7 at 1, 9/6/12). The defendant cites to Osorio v. State Farm Bank, F.S.B., No. 11-61880-CIV, 2012 WL 1671780, at *3 (S.D. Fla. May 10, 2012). That case is distinguishable from the instant case because Osorio concerned a motion for summary judgment. The standard for granting a motion for summary judgment is different from the standard for granting a motion to dismiss. For that reason, the undersigned is not persuaded by Osorio.

>As explained by this Court:
>
>to establish a TCPA violation, Plaintiff must demonstrate that the Defendant sent a text message to a number assigned to a cellular telephone service using an automatic dialing system . . . . **Whether these text messages were sent to Plaintiff with his prior express consent is an affirmative defense.** Accordingly, the burden of establishing that Plaintiff consented to receive the text messages falls upon Defendant.

Buslepp v. B&B Entertainment, LLC, No. 12-60089-CIV, 2012 WL 4761509, at *4 (S.D. Fla. Oct. 5, 2012) (internal citation omitted) (emphasis added). An "affirmative defense . . . may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1274-75 (11th Cir. 2004) (citations and internal quotation marks omitted). As the defendant notes, the issue of consent is not addressed in the Complaint filed in the instant action. For this reason, the Court cannot resolve the issue of consent on a Rule 12(b)(6) motion to dismiss. The undersigned has reviewed the allegations in the Complaint and concludes that they are sufficient to raise

a right to relief above the speculative level and to state a plausible claim for relief against the defendant for violating the TCPA. Accordingly, the defendant's motion to dismiss for failure to state a claim upon which relief may be granted is **DENIED**.

**2.      Motion for More Definite Statement**

Alternatively, the defendant seeks a more definite statement. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Ninghai Genius Child Product Co. Ltd. v. Kool Pak, Inc., No. 11-61205-CIV, 2012 WL 1203821, at *3 (S.D. Fla. Apr. 11, 2012) (citing FED. R. CIV. P. 12(e)). "Motions for a more definite statement are generally disfavored in the federal system in light of the liberal pleading and discovery requirements of the Federal Rules." Icon Health & Fitness, Inc. v. Ifitness, Inc., No. 12-20125-CIV, 2012 WL 1120925, at *6 (S.D. Fla. Apr. 3, 2012) (citing Nature's Health and Nutrition, Inc. v. Nunez, No. 08-21328-CIV, 2008 WL 4346329 *1 (S.D. Fla. Sept. 23, 2008)).

Here, the defendant argues that "the claim is too vague and ambiguous for a responsive pleading" because "the called party may have consented to the alleged

calls." Defendant's Motion to Dismiss or, Alternatively, for a More Definite Statement (DE# 7 at 3, 9/6/12). Of note, the defendant does not point to any specific allegations in the Complaint that are vague, ambiguous or unclear. Rather, the defendant is seeking to obtain additional facts concerning the plaintiff's TCPA claim. "The purpose of the pleading standards under FED.R.CIV.P. 8 is to strike at unintelligibility rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." Icon Health & Fitness, Inc. v. Ifitness, Inc., No. 12-20125-CIV, 2012 WL 1120925, at *6 (S.D. Fla. Apr. 3, 2012) (citation and internal quotation marks omitted); see also Wells Fargo Bank NA v. BBMJ, LLC, No. 1:11-cv-00127-MP-GRJ, 2012 WL 441286, at *1 (N.D. Fla. Feb. 10, 2012) (stating that "the purpose of a more definite statement is to rectify unintelligibility in a complaint, not to provide more details that can reasonably be left to discovery."). For this reason, the undersigned finds that an Order requiring a more definite statement is inappropriate in the instant case.

Based on the foregoing, the instant motion is **DENIED** in its entirety. The defendant shall respond to the Complaint (DE# 1, 8/17/12) in accordance with the applicable rules.

DONE AND ORDERED in Chambers at Miami, Florida this **15th** day of October, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record